## Commonwealth *v.* Amos, Appellant.

Argued January 12, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*John David Egnal,* for appellant.

*Benjamin H. Levintow,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, December 20, 1971:

This is an appeal from a judgment of sentence of ten to twenty years entered by the Court of Common Pleas of Philadelphia County upon a verdict of second degree murder following denial by the Court *en banc* of defendant's motion for a new trial.

There is no dispute that appellant shot and killed the decedent. The only question to be decided at trial was whether or not appellant acted in self-defense. The jury's verdict was that he did not.

Appellant raises numerous allegations of trial errors, four of which we think merit discussion. Two of these require that the case be retried.

1. Necessity for Instructions on the Prosecution's Use of Defendant's Criminal Record

We consider first the question of whether or not it was reversible error for the trial court to fail to give cautionary instructions, as requested, on the limited purpose for which the defendant's criminal record could be used by the prosecution. The Commonwealth used defendant's record during cross-examination of the defendant's character witnesses, purportedly to test the extent of the witnesses' knowledge of the defendant's reputation. It is well settled that "character witnesses may legitimately be questioned as to whether or not they ever heard *persons in the neighborhood* attribute particular offenses to the defendant." *Commonwealth v. Jenkins,* 413 Pa. 606, 607, 608, 198 A. 2d 497, 498 (1964). (Emphasis in original) Thus, the Commonwealth could properly ask defendant's character witnesses if they had heard others in the neighborhood say that the defendant had been convicted of, or even just arrested for, various felonies and misdemeanors. See *Michelson v. United States,* 335 U.S. 469, 69 S. Ct. 213, 93 L.E. 168 (1948) ; *Commonwealth v. Jenkins,* supra; 111 A Wigmore on Evidence §988 (Rev. Third Edition (1970) ).

Of course, the potentially prejudicial effect of the introduction of the defendant's record requires that the jury be made aware of the limited purpose of such evidence. The Commonwealth argues that the mention-

ing of this limited purpose by defendant's counsel in a colloquy with the trial judge in the presence of the jury and by the assistant district attorney in his closing speech demonstrated that the jury had a clear understanding of this purpose, as is required by *Commonwealth v. Wright*, 415 Pa. 55, 61, 202 A. 2d 79, 81-82 (1964). We do not agree. In *Wright* the Court said (at page 61) : "[T]he trial court did state for the record the purpose of admitting this testimony at the time of admission, [but] it failed to instruct the jury on this important phase of the case during the charge." The Court, per Mr. Justice EAGEN, held that despite the trial judge's statement and despite the absence of a request by defense counsel for instructions on this issue, the Court's failure to give appropriate instructions to the jury was reversible error. "[W]e deem it extremely important that the jury clearly understands in every case, the limited purpose of such evidence." *Ibid.* The instant case is even stronger for the defendant than was *Wright*. Here, *counsel* rather than the court made the statements acknowledging the limited purpose of the defendant's record and defense counsel *did* make a timely request for the instructions. Without specific instructions, one could only speculate as to whether or not the jury in this case "clearly understood" the limited purpose for which the evidence was admissible.

The Commonwealth's argument that the appellant waived his right to the requested instructions because he later referred to his criminal record while explaining the circumstances under which he was arrested is without merit. The importance of the court's bringing home to the jury that the defendant's record was admissible for impeachment purposes only is in no way diminished by defense counsel's attempt to reduce the prejudicial effect of the Commonwealth's prior revelation of his record.

## 2. Admissibility of the Victim's Criminal Record

Appellant's second contention is that the trial court erred in not admitting the record of the victim's felony convictions. Appellant submits that the victim's record is admissible on either or both of two grounds: (1) to corroborate defendant's alleged knowledge of the victim's quarrelsome and violent character in an effort to show that defendant reasonably believed that his life was in danger; (2) to prove the allegedly violent propensities of the victim to show that the victim was in fact the aggressor. This Court has recognized this first ground at least since *Abernethy v. Commonwealth*, 101 Pa. 322, 329 (1882). In *Abernethy*, we said (at page 329) that evidence that the victim was a man of quarrelsome disposition was admissible to show that the defendant believed himself to be in danger when it had been shown that "the defendant and the deceased were on terms of intimacy." And this Court has recognized the second ground at least since *Alexander v. Commonwealth*, 105 Pa. 1, 9 (1884). There, evidence of the deceased's propensity for hostility, vindictiveness and violence was held admissible on the issue of whether or not the victim was the aggressor. The Court imposed no requirement that defendant have had knowledge of the alleged propensity.[1]

Given that character evidence is permissible on both of the above-mentioned grounds, we must next determine whether a *criminal record* is to be allowed to

---

[1] After a period of confusion, most jurisdictions presently recognize that the defendant's knowledge of the deceased's propensity is not relevant to the issue of who was in fact the aggressor. See 1 A.L.R. 3d 571, Admissibility of Evidence as to Other's Character or Reputation for Turbulence on Question of Self-Defense by One Charged with Assault or Homicide, at 601-603 and cases cited therein; see also, *Commonwealth v. Ohlson*, 213 Pa. Superior Ct. 213, 245 A. 2d 711 (1968).

prove a *deceased victim's* character on either or both of these grounds. Previous decisions of this Court offer little guidance on this point. In *Alexander,* for example, while the Court held that it was permissible for the defendant to introduce evidence of the victim's reputation for violence—but not the deceased's prior criminal conduct—on the issue of who the aggressor was, there was no indication that the prior conduct was to be proved by means of a criminal record. Similarly, the Court's suggestion in *Commonwealth v. Straesser,* 153 Pa. 451, 26 A. 17 (1893), that it would permit a defendant to introduce evidence of the victim's prior conduct against the defendant but not against third persons even if the defendant were aware of such conduct at the time of the aggression between the victim and himself, is not controlling in this case because merely dictum.

Thus, although our Court has indicated in several cases that generally, character can be proved only by reputation evidence, it has not yet spoken to the precise issue before us today. We believe that the various rationales for this rule in other situations do not obtain in this case and hold that where a defendant alleges self-defense, he may use his deceased victim's criminal record either (1) to corroborate his alleged knowledge of the victim's quarrelsome and violent character to show that the defendant reasonably believed that his life was in danger; or (2) to prove the allegedly violent propensities of the victim to show that the victim was in fact the aggressor.[2]

---

[2] The Circuit Court of Appeals for the District of Columbia has taken a similar view on this ground. In *Evans v. United States,* 277 F. 2d 354 (D.C. Cir. 1960), the Court held that a wife could testify to the behavior while intoxicated of her husband, the victim. The Court thus held that the prior conduct of a victim was admissible on the issue of whether the victim or the defendant was the aggressor. This Court later suggested that the criminal record

Our holding is supported by such authorities as the Uniform Rules of Evidence, the Model Code of Evidence, and Wigmore on Evidence. Uniform Rule 47, "Character Trait as Proof of Conduct," provides that "evidence of conviction of a crime" may be admissible "when a trait of a person's character is relevant as tending to prove his conduct on a specified occasion." National Conference of Commissioners on Uniform State Law, Uniform Rules of Evidence (1953). Rule 306(2) of the Model Code of Evidence states that "As tending to prove a trait of a person's character . . . (c) evidence that the person has been convicted of a crime the commission of which tends to prove the trait to be bad is admissible, but no other evidence of specific instances of his conduct is admissible except as stated in Rule 106(1) [Evidence Affecting Credibility]." American Law Institute, Model Code of Evidence (1942) (See also Illustration 4 under Rule 306).

Wigmore states that the reasons usually marshalled in limiting proof of character as to a defendant—the possibilities of (1) arousing prejudice, (2) surprising the defendant, (3) confusing the jury, and (4) consuming time—do not obtain as to a victim. "[T]here is no substantial reason against evidencing the character [of a deceased victim] by *particular instances of* violent or quarrelsome *conduct*. Such instances may be very significant; their number can be controlled by the trial court's discretion; and the prohibitory considerations applicable to an accused's character have little or no force." 1 Wigmore on Evidence §198 (Rev. Third Edition, 1970) (Emphasis in original). See also, Wigmore, §§194, 1610, 1986 and McCormick, Evidence, §158 (First Edition, 1954).

---

of a deceased would be admissible so long as it could be shown that the specific criminal acts were relevant. *Jones v. United States,* 385 F. 2d 296, 298 n. 2 (D.C. Cir. 1967) (dictum).

We do not mean to imply that a defendant may introduce any or all of the convictions in a victim's record. To have probative value, these crimes should be "of the same nature, not too distant in time" vis a vis the alleged aggression as is required by *Commonwealth v. Raymond,* 412 Pa. 194, as to criminal records admitted to show *modus operandi.* The record of the victim offered in our case contained three convictions for burglary and larceny and two convictions for assault and robbery. (Of the last two, one included a count of armed robbery and the other a count of aggravated assault and battery). The convictions for assault, especially those involving a weapon, would seem more probative on the issue of whether or not the deceased was the aggressor than would the convictions for larceny and burglary. The decision in each case as to similar nature and remoteness, however, rests within the sound discretion of the trial judge.

Nor do we mean to suggest that our decision here abandons the rule enunciated in *Abernethy* that the defendant must first establish a foundation of his knowledge of the victim's convictions before he can introduce the corroboratory record when the defendant is seeking to prove his belief that he was in imminent danger of bodily harm. Here again, the determination whether or not the defendant demonstrates a sufficiently particular knowledge of the victim's record rests within the sound discretion of the trial court.

### 3. Crimes Suitable for Impeachment of Credibility

Appellant argues thirdly that one of defendant's witnesses' credibility was improperly impeached when this witness was cross-examined as to his prior conviction for burglary. Appellant argues that not all felonies can be used for impeachment purposes but only those "involving dishonesty or false statement" under

Model Code of Evidence Rule 106(1)(b) and Uniform Rule of Evidence 21. *McIntosh v. Pittsburgh Railways Company*, 432 Pa. 123, 247 A. 2d 467 (1968) is cited in support of this proposition. *McIntosh,* however, is distinguishable in that the conviction there was for the felony of pandering. While mere pandering may not necessarily demontsrate dishonesty, burglary is a crime connoting "dishonesty" by any definition.[3]

### 4. Sufficiency of Instructions on "Reasonable Belief"

Appellant fourthly contends that the trial court's charge was erroneous because it did not sufficiently emphasize the rule that a defendant's reasonable belief that he is in imminent peril of death or great bodily harm is sufficient to constitute the absolute defense of self-defense. The relevant portion of the charge reads: "The defense of self-defense is an affirmative one, and the burden lies on the defendant, in such a case, of proving by a fair preponderance of the credible evidence that there was an actual necessity for taking life or inflicting grievous bodily injury, or a seeming one so reasonably apparent and convincing to defendant as to lead him to believe he could only defend himself in that way." Although the wording of this charge is slightly different from the statement of the law in *Commonwealth v. Commander,* 436 Pa. 532, 539-40, 260 A. 2d 773 (1970) and from the charge approved in *Commonwealth v. James,* 433 Pa. 508, 511, 253 A. 2d 97 (1969), it certainly did not misstate the law. In fact, it follows very closely the language in the leading case of *Commonwealth v. Drum,* 58 Pa. 9, 20 (1868).

---

[3] Black's Law Dictionary (4th ed.) defines "dishonesty" as "Disposition to lie, cheat, or defraud; untrustworthiness; lack of integrity." Webster's New International Dictionary (2nd ed.) gives as one of the meanings of "dishonesty": "A dishonest act; a fraud; any deviation from probity."

As we have noted, appellant's other contentions have been considered by us and found to be devoid of merit.

We reverse. The sentence is vacated and a new trial is ordered.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.