## Commonwealth *v.* White, Appellant.

Submitted December 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before DOTY, A. J.

*Brian E. Appel,* and *Segal, Appel & Natali,* for appellant.

*James T. Ranney* and *David Richman,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 3, 1974:

The appellant was sentenced to one to eight years for burglary and the evidence was overwhelming. The case was tried non-jury before Judge KINLEY.

The only contention deserving some discussion is that the Commonwealth committed prejudicial error in questioning the appellant's reputation witness, who testified as to appellant's reputation for being a law-abiding citizen. The prosecutor asked the reputation witness whether she knew if the people in the community knew about prior crimes the appellant had committed. There was an objection by defense counsel, which was overruled.

It is well established that a reputation witness may be asked about whether he has ever heard persons in the neighborhood attribute particular offenses to a defendant. *Commonwealth v. Amos,* 445 Pa. 297, 284 A. 2d 748 (1971) ; *Commonwealth v. Jenkins,* 413 Pa. 606, 198 A. 2d 497 (1964). Under the circumstances of this case the line of cross-examination herein was not prejudicial because it was non-jury, the evidence of guilt was overwhelming and the questions, as worded, so closely parallel the acceptable scope of cross-examination of reputation witnesses.

Order and judgment of the court below are affirmed.