402 A.2d 1371

COMMONWEALTH of Pennsylvania, Appellee,

v.

DeWayne BECK, Appellant.

Supreme Court of Pennsylvania.

Argued April 16, 1979.

Decided July 6, 1979.

Timothy J. Savage, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Sheldon M. Finkelstein, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellant, DeWayne Beck, was charged with murder, voluntary manslaughter, involuntary manslaughter, criminal conspiracy, possession of instruments of crime, and possession of a concealed weapon. After a jury trial, appellant was found guilty of murder of the third degree and not guilty of criminal conspiracy. The possession charges were nol prossed. Post-verdict motions were denied, and appellant was sentenced to a term of imprisonment of not less than seven years nor more than twenty years. This direct appeal followed. Because the trial court improperly restricted the presentation of evidence by the defense, we reverse the judgment of sentence and grant appellant a new trial.

Appellant was accused of stabbing William Jackson in a street encounter outside the home of Bernadine Williams in whose residence the victim occasionally resided. Appellant admitted the stabbing, but contended he acted in self-defense. In order to support his claim, appellant sought to introduce into evidence (1) a prior conviction of the victim for assault and battery upon a policeman—arising out of an incident in which the victim punched a policeman while being taken to a cell after the victim's arrest for disorderly conduct; and (2) prior aggressive and violent conduct in which the victim physically attacked Bernadine Williams

and Edward Flippen, her boyfriend. The trial court refused to admit the evidence above described. We agree with appellant that the exclusion of this evidence constituted reversible error.

■ The prior conviction of the victim should have been admitted into evidence.

In *Commonwealth v. Amos,* 445 Pa. 297, 284 A.2d 748 (1971), this Court said that prior convictions involving aggression by the victim of a homicide may be introduced into evidence by a defendant where a claim of self-defense is made for either one of two purposes: "(1) to corroborate his alleged knowledge of the victim's quarrelsome and violent character to show that the defendant reasonably believed that his life was in danger; or (2) to prove the alleged violent propensities of the victim to show that the victim was in fact the aggressor." (Footnote omitted.) *Commonwealth v. Amos,* 445 Pa. at 303, 284 A.2d at 750 (prior conviction of victim for assault and battery admissible).

The prosecution contends that the trial court properly excluded the evidence because appellant failed to establish that he had knowledge of the victim's criminal conviction. A defendant, however, need not have knowledge of a victim's criminal conviction in order to introduce the prior conviction showing the aggressive propensities of the victim—the second purpose referred to above. *See Commonwealth v. Amos, supra,* 445 Pa. at 302, ft. n. 1, 284 A.2d at 751, ft. n. 1.

The prosecution also contends that the victim's criminal conviction is different in nature from the incident involving appellant and further contends that the three year old conviction is so remote, that the evidence is without probative value. We cannot agree.

The prosecution argues that punching a police officer in a police station presents a "less serious" and entirely different situation than the one at issue here. When the prior conviction is for assault and battery, there is no need to compare the facts. Any difference is irrelevant. A conviction for

assault and battery necessarily implies a character involving aggressive propensities.

The prosecution also contends that the victim's three year old assault and battery conviction is too remote to have probative value. Although it is true that the prior conviction should be "not too distant in time" from the alleged aggressive acts, *See Commonwealth v. Amos,* supra, 445 Pa. at 305, 284 A.2d at 752, we are not persuaded that the victim's three year old conviction is without probative value.

The trial court erred in rejecting the evidence of the victim's prior conviction.

Appellant next contends that the trial court erred in refusing to admit testimony about the aggressive acts of the victim earlier on the day before the stabbing. We agree. This excluded evidence was relevant to the issue of whether appellant had a reasonable belief that his life was in danger. *Commonwealth v. Amos, supra.* Appellant had earlier testified that he had knowledge of the incident.

Appellant next contends that the trial court erred in refusing to admit the testimony of two eyewitnesses to a violent confrontation between the victim and Bernadine Williams and between the victim and Edward Flippen. We do not consider whether it was error to refuse the eyewitness testimony to the alleged confrontation between the victim and Edward Flippen since the record discloses that defense counsel's offer of proof did not refer to that confrontation. The offer, however, did refer to the confrontation between the victim and Bernadine Williams, and that issue is therefore properly before us. We conclude that it was error to exclude the eyewitness testimony involving that violent confrontation. Appellant had testified earlier that he had knowledge of the incident. Under these circumstances, the evidence was relevant to the issue of whether appellant had a reasonable belief that he was in danger of serious bodily harm or death.

Defense counsel offered to prove the following:

On March 26, 1976, the victim went to 209 E. Phil-Ellena Street, a residence where the victim resided occasionally with Bernadine Williams. An argument ensued, and the victim physically attacked Bernadine Williams and her boyfriend, Edward Flippen. The incident was reported to the police, and the victim was instructed by the police to leave the area. He left but later returned and resumed the argument. Appellant then appeared on the scene and an argument began between appellant and the victim. A fight ensued which resulted in the fatal stabbing.

The two eyewitnesses, whose testimony defense counsel sought to introduce, were Jackie Williams, the sister of Bernadine Williams and the police officer who arrived at the scene where Bernadine Williams and the victim were arguing.

If the accused has knowledge of the victim's prior violent conduct, evidence of a single prior violent act by the victim is admissible since it tends to establish the victim's character for violence and is relevant as to whether the accused's belief that he was in danger of serious injury or death was reasonable. *Commonwealth v. Stewart, 483 Pa. 176, 394 A.2d 968 (1978).*

The trial court erred in excluding the testimony of Jackie Williams and the police officer.

In view of our disposition of this appeal, we need not consider appellant's contentions of error involving alleged prosecutorial misconduct, the prosecution's presentation at trial of an alleged inaccurate sketch of the scene of the crime, and the jury's alleged erroneous instruction on voluntary manslaughter.

Judgment of sentence is reversed, and appellant is granted a new trial.

O'BRIEN and ROBERTS, JJ., concurred in the result.

LARSEN, J., dissents.