587 A.2d 798

**COMMONWEALTH of Pennsylvania**

**v.**

**Martin McCLAIN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1991.

Filed March 15, 1991.

Robert A. Crisanti, Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Allegheny, for Com., appellee.

Before TAMILIA, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from the judgment of sentence entered against appellant Martin McClain on November 6, 1989. We affirm.

On March 14, 1985, appellant Martin McClain was residing with Debra White and her two minor children. At 7:00 AM, White left for work, but was stopped outside her apartment by her ex-boyfriend, Eric Harris. Harris forced Debra White back into her apartment building, threatened to rape her and demanded that she give him the keys to her apartment. When White refused to provide Harris with the keys to her apartment, he repeatedly pounded her head against the wall. McClain observed the entire episode from the "peephole" of his apartment. He then armed himself with a shotgun and opened the door of his apartment. Holding the shotgun at his side, McClain ordered Harris to leave the building. Harris responded that McClain would

have to shoot him first, and proceeded to take two steps towards McClain. McClain then shot Harris in the chest. Harris later died from the wound.

McClain was arrested and charged with one count of Criminal Homicide, 18 Pa.C.S.A. § 2501(a). At trial, McClain did not contest that he fired the fatal shot. McClain testified that the shooting was in self-defense. The Commonwealth's evidence indicated that no weapon was found on the body of the deceased, nor was a weapon located at the scene of the incident. Following trial, the jury found McClain guilty of Voluntary Manslaughter, 18 Pa.C.S. § 2503.

A Motion for New Trial and/or In Arrest of Judgment was argued and denied. McClain was sentenced to a term of imprisonment of not less than five (5) or more than ten (10) years. McClain raises the following issues on appeal:

I. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION OF VOLUNTARY MANSLAUGHTER AND THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT McCLAIN WAS NOT ACTING IN SELF DEFENSE.

II. COUNSEL WAS INEFFECTIVE DUE TO HIS FAILURE TO PROVIDE OR REQUEST A JURY INSTRUCTION WHICH WOULD HAVE ENABLED THE JURY TO CONSIDER THE VICTIM'S PRIOR ACTS OF VIOLENCE AND "VIOLENT PROPENSITIES."

A. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST AN INSTRUCTION CONCERNING THE RELEVANCE OF THE DECEASED'S PRIOR ACTS OF VIOLENCE AND HIS "QUARRELSOME AND VIOLENT CHARACTER" IN DETERMINING THE REASONABLENESS OF McCLAIN'S FEAR OF DECEDENT.

B. COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A JURY INSTRUCTION CONCERNING THE RELEVANCE OF THE DECEDENT'S PRI-

OR ACTS OF VIOLENCE AND "VIOLENT PROPEN-
SITIES" TO SUPPORT THE PROPOSITION THAT
HARRIS WAS THE AGGRESSOR.

III. COUNSEL WAS INEFFECTIVE FOR FAILING
TO OBJECT TO THE ERRONEOUS AND UNCON-
STITUTIONAL CHARGE ON SELF–DEFENSE,
WHICH EFFECTIVELY SHIFTED THE BURDEN OF
PROOF TO McCLAIN BY CHARGING THAT DE-
FENDANT MUST MEET CERTAIN "REQUIRE-
MENTS BEFORE HIS SELF–DEFENSE IS JUSTI-
FIED."

IV. COUNSEL WAS INEFFECTIVE FOR FAILING
TO OBJECT TO THE COURT'S "DUTY TO RE-
TREAT" INSTRUCTIONS BECAUSE McCLAIN HAD
NO DUTY TO RETREAT IN HIS OWN HOME AND
NO EVIDENCE EXISTED THAT HE WAS THE INI-
TIAL AGGRESSOR.

The well established standard for reviewing a claim of
sufficiency was recently stated by our court:

[W]hether, viewing the evidence in the light most favor-
able to the Commonwealth [as verdict winner], and draw-
ing all reasonable inferences favorable to the Common-
wealth, there is sufficient evidence to find every element
of the crime beyond a reasonable doubt.... The Com-
monwealth must sustain its burden of proving every
element of the crime beyond a reasonable doubt by means
of wholly circumstantial evidence.... Moreover, in ap-
plying the above test, the entire trial record must be
evaluated and all evidence actually received must be
considered....

*Commonwealth v. Hunter,* 381 Pa.Super. 606, 610, 554
A.2d 550, 551 (1989), *citing Commonwealth v. Griscavage,*
512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986).

At issue one, McClain argues that the evidence was
insufficient to support the conviction of Voluntary Man-
slaughter. We disagree. Voluntary Manslaughter is de-
fined at 18 Pa.C.S.A. § 2503, which provides in part:

(a) **General rule.**—A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) the individual killed; or

(2) another whom the actor endeavors to kill, but he negligently or accidently causes the death of the individual killed.

(b) **Unreasonable belief killing justifiable.**—A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title (relating to general principles of justification), but his belief is unreasonable.

In order to prove Voluntary Manslaughter beyond a reasonable doubt, the Commonwealth must prove every element of either § 2503(a) or § 2503(b) beyond a reasonable doubt. A conviction under § 2503(a) requires "a sudden and intense passion resulting from serious provocation." *See Commonwealth v. McFadden*, 384 Pa.Super. 444, 559 A.2d 58 (1989). A conviction under § 2503(b) requires that 1) the accused intentionally or knowingly killed an individual; 2) with the unreasonable belief that the killing was lawfully justified. *Commonwealth v. Nau*, 473 Pa. 1, 373 A.2d 449 (1977).

■ Further, where an accused raises the defense of self-defense under 18 Pa.C.S.A. § 505, the burden is on the Commonwealth to prove beyond a reasonable doubt that the homicide was *not* a justifiable act of self-defense. *Commonwealth v. Burns*, 490 Pa. 352, 416 A.2d 506 (1980). The Commonwealth sustains its burden of disproving self defense if it establishes *at least one* of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety. *Common-*

*wealth v. Stonehouse,* 521 Pa. 41, 59, 555 A.2d 772, 781 (1989). The right to use deadly force as a justifiable act of self-defense is set forth in 18 Pa.C.S.A. § 505(b)(2) as follows:

(b) **Limitations on justifying necessity for use of force.**

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury ...; nor is it justifiable if:

(i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself ...; or

(ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating....

Further, "believes" or "belief" is defined in 18 Pa.C.S.A. § 501 as follows:

**"Believes" or "Belief."** Means "reasonably believes" or "reasonable belief."

■ We now turn to the facts of the instant case to determine whether the evidence, viewed in the light most favorable to the Commonwealth, supports the jury's conviction of Voluntary Manslaughter under either § 2503(a) or § 2503(b). McClain's neighbor, a prosecution witness, testified that she saw McClain open the door of his apartment, lift the gun, and say "You're dead, sucker," before he fired at Harris. Further, an expert from the Allegheny County Coroner's Office testified that the cause of Harris' death was a shotgun wound to the chest. This expert also testified that the shotgun blast perforated Harris' ribs, as well as his lung and his heart. Not only did McClain testify that he aimed the weapon at Harris, he testified that Harris "was very close" when he discharged the weapon. Finally, McClain, himself, testified that he was aware of the damage a shotgun shell would cause. We conclude that the jury had sufficient evidence from which to conclude that McClain intentionally killed Harris, the first element of § 2503(b).

In addition, Debra White, an eyewitness, testified on direct examination that she did not see Harris produce a weapon on March 14, 1985. No weapons were found at the scene of the incident. Nor were any weapons found on the body of Harris. McClain testified that he believed that "[Harris] *possibly* could have had a gun," and that he was "in fear for [his] own life as well as Debra's." (Emphasis ours). We find this evidence sufficient to support a finding that McClain's belief was unreasonable; the second element of § 2503(b). Therefore, we conclude, that there was sufficient evidence to support a finding of Voluntary Manslaughter under 18 Pa.C.S.A. § 2503(b).

We also find, in light of our thorough review of the record, that the evidence was sufficient to support the jury's finding that McClain did *not* kill Harris in self-defense. As we stated previously, in order to meet its burden, the Commonwealth must establish *one* of the elements set forth in *Commonwealth v. Stonehouse, supra.* We are satisfied that there was sufficient evidence to find that McClain did not *reasonably* believe that he was in danger of death or serious bodily injury when he shot Harris. Therefore, we find that McClain's first issue is without merit.

Next, McClain alleges three separate instances of trial counsel's ineffectiveness. It is settled that, in order to prevail on a claim of ineffectiveness, the appellant must show that the underlying claim is of arguable merit. *Commonwealth v. Tressler*, 526 Pa. 139, 584 A.2d 930 (1990). If a claim is devoid of merit, our inquiry ceases, for counsel will not be deemed ineffective for failure to pursue a meritless claim. *Commonwealth v. Nelson*, 514 Pa. 262, 523 A.2d 728 (1987). If the claim possesses merit, the appellant must show that the course of action chosen by counsel had no reasonable basis designed to effectuate appellant's interests. *Commonwealth v. Hentosh*, 520 Pa. 325, 554 A.2d 20 (1989). Finally, appellant must demonstrate how the ineffectiveness prejudiced him. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

■ First, McClain argues that trial counsel was ineffective for failing to request a jury instruction concerning the relevance of Harris' prior violent conduct. Relying on the Supreme Court's holding in *Commonwealth v. Beck*, 485 Pa. 475, 402 A.2d 1371 (1979), McClain argues that part of his defense of self-defense requires the jury to consider the reasonableness of his fear of Harris, in light of his *knowledge* of Harris' prior violent conduct. Although evidence of Harris' violent history was introduced through the testimony of Debra Harris, McClain argues, the trial court failed to instruct the jury as to the relevance of this evidence. Trial counsel never requested such an instruction, nor objected to its omission from the court's charge. Therefore, McClain argues, trial counsel was ineffective. We disagree.

McClain's reliance on *Beck* is misplaced. In *Beck*, our Supreme Court held that *if an accused has knowledge* of the victim's prior violent conduct, evidence of that violent conduct is admissible, since it tends to establish the victim's character for violence, and is relevant as to whether the accused's belief that he was in danger of serious injury or death was reasonable. As McClain himself admits, he must "demonstrate a particular *knowledge* of the deceased's character or reputation, or ... specific act[s] of violence in order to establish a proper foundation for his claim that such knowledge put him in fear...." Appellant's Brief at page 15, (citing to *Commonwealth v. Stewart*, 483 Pa. 176, 394 A.2d 968 (1978)) (Emphasis ours). McClain claims he had *knowledge* of Harris' prior violent conduct because he was aware of Harris' abusiveness towards Debra White, however, the record belies this claim.

According to Debra White's testimony, she did not tell McClain of Harris' prior violent conduct towards her until *after* the shooting. McClain testified himself that he did not know about Harris' violence towards White until *after* the shooting. Further, we have found no evidence in this record which would establish that McClain had *any* other *knowledge* of Harris' prior violent conduct. Any evidence of the alleged violent conduct would not be relevant to

McClain's claim that such knowledge put him in fear of Harris on March 14, 1985. Our Supreme Court has recently held that a jury need not be instructed regarding matters that have no relevance to the evidence introduced at trial. *Commonwealth v. Holland,* 518 Pa. 405, 412, 543 A.2d 1068, 1071 (1988). The Supreme Court, stated, "[t]here is no duty on a trial judge to charge a jury upon law which has no applicability to the presented facts. There must be some relationship between the law upon which an instruction is required and the evidence presented at trial." *Id.* (Citations omitted). The court further stated, "[a] charge on a point or issue which is unsupported by any evidence is likely to confuse the jury and obstruct Justice." *Id.* (Citations omitted). The court's omission of the relevance of such evidence in its charge was proper, as a charge relating to McClain's alleged knowledge of Harris' prior violent conduct would have been without proper foundation in the record. Therefore, since McClain's underlying claim is without basis, counsel's failure to pursue it will not be deemed ineffectiveness. *See Commonwealth v. Nelson, supra.*

With respect to his first claim of ineffectiveness, McClain also contends that he was entitled to an instruction concerning Harris' "violent propensities" in order to support McClain's proposition that Harris, was, in fact, the "aggressor," relying on *Commonwealth v. Beck, supra* and *Commonwealth v. Amos,* 445 Pa. 297, 284 A.2d 748 (1971). Again, McClain's reliance on *Beck* is misplaced, as is his reliance on *Amos.*

In *Amos,* our Supreme Court held that prior *convictions* involving aggression by a victim of a homicide may be introduced into evidence by an accused where self defense is asserted either "1) to corroborate [the accused's] alleged knowledge of the victim's quarrelsome and violent character to show that the [accused] reasonably believed that his life was in danger; or 2) to prove the allegedly violent propensities of the victim to show that the victim was in fact the aggressor." *Amos,* 445 Pa. at 303, 284 A.2d at 751.

Further, in *Beck,* our Supreme Court held that the defendant need not have knowledge of a victim's criminal conviction in order to introduce the prior *conviction* to show the aggressive propensities of the victim. *Beck,* 485 Pa. at 478, 402 A.2d at 1373.

McClain claims that evidence of Harris' "violent propensities," as testified to by Debra Harris, was relevant to his claim that Harris was the "aggressor." However, *Beck* and *Amos* require that *prior convictions* of the victim be admitted to support the accused's claim that the victim was the "aggressor." The record reveals that McClain did *not* introduce evidence of Harris' criminal *convictions* at trial. McClain was, therefore, not entitled to an instruction concerning the relevance of Harris' "violent propensities" to support the proposition that Harris was the "aggressor." *See Commonwealth v. Holland, supra.* McClain's underlying claim is, therefore, without arguable merit. We will not find trial counsel ineffective for failing to pursue this meritless claim. *Commonwealth v. Nelson, supra.*

■ Second, McClain argues that trial counsel was ineffective for failing to object to the trial court's erroneous charge on self defense, which, he alleges, effectively shifted the burden of proof to McClain. We disagree. McClain's alleged error is based upon an incorrect statement of the law. In his Brief, McClain states that in order for the Commonwealth to sustain its burden in overcoming a self-defense assertion, "the Commonwealth *must prove* each and every one of the following elements beyond a reasonable doubt:

1. that the Defendant was unreasonable in his fear of immediate bodily harm;

2. that the Defendant provoked the use of such force;

3. and that the Defendant had a duty to retreat and could have retreated with complete safety."

Appellant's Brief at page 30, (citing to *Commonwealth v. Stonehouse, supra,* 521 Pa. at 59, 555 A.2d at 781 (1989)).

McClain has misquoted *Stonehouse*. As we have stated previously, the Supreme Court in *Commonwealth v. Stonehouse*, held that in order for the Commonwealth to sustain its burden of disproving self defense, it must *establish at least one* of these elements—*not each and every element.*

■ The law is also clear, that in order for a killing to be justified under § 505(b), the opposite of the above-enumerated elements must be true; the defendant 1) must have reasonably believed that he was in imminent danger of death or serious bodily injury; 2) not have provoked the use of force; *and* 3) not have violated a duty to retreat. Each of the elements under § 505 is a necessary condition to a successful claim of self-defense. The Commonwealth must defeat an accused's claim of self-defense by disproving that any *one* of the § 505 elements existed.

■ It is well established that in charging the jury, the trial court is free to use its own form of expression; the only issue is whether the area is adequately, accurately and clearly presented for the jury. *Commonwealth v. McComb*, 462 Pa. 504, 341 A.2d 496 (1975). Also, in evaluating a challenge to the trial court's instructions to the jury, the charge must be read and considered in its entirety and it is the general effect of the charge that controls. *Commonwealth v. Rodgers*, 459 Pa. 129, 327 A.2d 118 (1974).

■ This record indicates the trial court, in its charge, impressed upon the jury that McClain had no burden of proof whatsoever, but rather, the Commonwealth was responsible for disproving at least one of the elements essential to the defense of self-defense. In its instruction to the jury regarding self defense, the trial court stated:

Now, because the Commonwealth has the burden of disproving the Defendant's claim of self-defense, you cannot find the Defendant guilty of any crime unless you are satisfied beyond a reasonable doubt that the Defendant did not act in justifiable self-defense. In other words, you cannot find the Defendant guilty unless you are

satisfied beyond a reasonable doubt that *at least one of the requirements essential to that defense is lacking.* N.T., August 11, 1989, at 442–443. (Emphasis ours).

This statement by the trial court is a correct statement of the law and is consistent with the Supreme Court's holding in *Commonwealth v. Stonehouse, supra.* Trial counsel cannot be deemed ineffective for failing to pursue this meritless claim. *Commonwealth v. Nelson, supra.*

■ In his final allegation of trial counsel's ineffectiveness, McClain asserts that the trial court erred in instructing the jury on the "duty to retreat" element of self-defense. 18 Pa.C.S.A. § 505(b)(2) provides in part:

The use of deadly force is not justifiable under this section unless ... the actor knows that he can avoid the necessity of using such force with complete safety by retreating ... [however], the actor is not obliged to retreat from his dwelling ... *unless he was the initial aggressor....*

(Emphasis ours).

McClain argues that there was no evidence to support the finding that he was the "initial aggressor," therefore, the trial court's instruction was unwarranted and erroneous. We disagree. At trial, the Commonwealth introduced testimony of an eyewitness, who testified that McClain opened the door to his apartment, raised a shotgun and aimed it at Harris, said "[y]ou're dead, sucker," then shot Harris, as Harris approached him. This evidence would be sufficient to support a finding that McClain was the initial aggressor. Therefore, the trial court's charge to the jury was proper, for the primary duty of a trial judge in charging a jury is to clearly and adequately explain the principles of law that are supported by the evidence introduced at trial. *Commonwealth v. Hawkins,* 295 Pa.Super. 429, 441 A.2d 1308 (1982). Trial counsel will not be deemed ineffective for failing to pursue this meritless claim. *Commonwealth v. Nelson, supra.* We, therefore, reject McClain's final allegation of ineffectiveness.

For all the foregoing reasons, we affirm McClain's judgment of sentence.

Judgment of sentence affirmed.