**[J-77-2014][M.O. – Eakin, J.]**

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 8 MAP 2014 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 1893 EDA 2011 dated |
| | : | August 30, 2013, affirming the judgment |
| v. | : | of sentence of the Northampton County |
| | : | Court of Common Pleas, Criminal |
| | : | Division, at No. CP-48-CR-0003344- |
| | : | 2009 dated 11/24/10 |
| JACOB MATTHEW CHRISTINE, | : | |
| | : | |
| Appellant | : | ARGUED:  September 9, 2014 |

## DISSENTING OPINION

**MR. CHIEF JUSTICE SAYLOR**                           **DECIDED:  October 27, 2015**

The majority relates that it "uphold[s] the ability of the trial court to duly consider all things appropriate" and finds that the trial court did not abuse its discretion in excluding Thomas Missero's conviction.  Majority Opinion, *slip op.* at 9.  The difficulty with this position, however, is that the trial court simply did not consider all things appropriate or exercise any discretion whatsoever.  Instead, that court implemented a bright-line rule of law -- presently disapproved by the majority -- permitting the admission of evidence only of "*prior* incidents to prove the character or reputation of the victim at the time of the crime in question."  *Commonwealth v. Christine*, No. 3344-2009, *slip op.* at 13 (C.P. Northampton Apr. 26, 2011) (emphasis added).

Given the majority's rejection of the *per se* evidentiary rule implemented by the trial court -- and in the absence of any other supporting rationale deriving from that

court's opinion -- I fail to see how the court's decision, in any way, can be credited on its own terms or otherwise denominated as an appropriate exercise of discretion.

In light of the above, the majority's *de novo* evaluation of the overall circumstances presented to determine admissibility appears to represent a form of a *de facto* harmless-error assessment. In my view, however, Missero's conviction, entailing assaultive behavior within eleven months of the events giving rise to Appellant's judgment of sentence, is sufficiently probative of violent propensities that the trial court had the discretionary latitude to admit the evidence. *See generally* Pa.R.E. 405(b) (sanctioning the admission of evidence of specific instances of conduct to prove a character trait of an alleged victim where evidence of such trait is otherwise admissible per the applicable rule).

In effectively holding to the contrary, the majority not only undertakes to disapprove a salient *per se* facet of a previous decision of this Court by way of a footnote, *see* Majority Opinion, *slip op.* at 8 n.9 (overturning an aspect of *Commonwealth v. Beck*, 485 Pa. 475, 402 A.2d 1371 (1979)), but also appears to implement an entirely countervailing bright-line approach. The majority does so by effectively suggesting that the subject instance of assaultive behavior on Missero's part -- because it reasonably can be couched as less severe than the conduct of the victim alleged by the defendant and since it occurred approximately eleven months after the prison incident -- simply could not have been admitted into evidence within the trial court's discretionary purview, had discretion actually been exercised.[1] Thus, while the

---

[1] To the degree to which the majority opinion would allow that the trial court actually had discretion to permit the admission of the evidence of Missero's subsequent assaultive behavior, it would be necessary to apply a materially different approach to the question of harmlessness. *See infra.*

majority purports to afford wide latitude to the discretionary evidentiary decisions of the trial courts, I believe that the effect of its decision, in fact, is constrictive.

Rather than implementing a *de novo* appellate-level evidentiary ruling, I believe that an appropriate harmless-error analysis should center on whether the Commonwealth has demonstrated, beyond a reasonable doubt, that there is essentially no possibility that the evidence of Missero's assaultive behavior which was excluded by the trial court for an erroneous reason could have made a difference in terms of the outcome of Appellant's trial. *See generally Commonwealth v. Howard*, 538 Pa. 86, 100, 645 A.2d 1300, 1307 (1994) (setting forth the standard governing harmless-error review) (quoting *Commonwealth v. Story*, 476 Pa. 391, 409, 383 A.2d 155, 164 (1978). In this regard, I tend toward the view of Judge Strassburger, expressed in his initial memorandum opinion, as follows:

> Appellant and Missero were the only witnesses to testify at trial about who did what in Appellant's cell on June 8, 2009. Missero testified that Appellant ambushed him with the razor blade. Appellant testified that Missero initiated the fight by throwing coffee at him and coming after him with the razor blade. Clearly the evidence of Missero's assaultive character could persuade a jury to believe Appellant's version of events. As such, we cannot deem this to be harmless error.

*Commonwealth v. Christine*, No. 1893 EDA 2011, *slip op.* at 10 (Pa. Super. Apr. 24, 2012) (withdrawn).

As to the admissibility of the shank found in Appellant's cell, I would forego addressing the issue, because I do not believe that the salient questions have been framed and presented adequately. With respect to the admissibility of other-weapons evidence, I find it important to distinguish between legal and *illegal* weapons, since the latter also comprises evidence of other bad acts subject to the restrictions on

admissibility imposed under Pennsylvania Rule of Evidence 404(b). *See* Pa.R.E. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). While this rule admits of exceptions, *see* Pa.R.E. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."), such exceptions are subject to the following express and important caveat: "In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." *Id.*

Accordingly, while I have little difficulty with the majority's assessment that the shank found under Appellant's bed can be deemed relevant under the minimal relevancy requirements set forth in our evidentiary rules, *see* Pa.R.E. 401 (providing that "[e]vidence is relevant if . . . it has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence"), I find it noteworthy that Appellant would have been entitled to a more discerning evaluation of probative value versus prejudice, had such question been raised and preserved.[2]

In this regard, I also observe that our written and common-law evidential rules protect against the use of evidence of specific conduct to prove propensity *against* a criminal defendant, *see* Pa.R.E. 404(b)(1), 405(b), while affording latitude to defendants

---

[2] Relevant to such balancing, I have otherwise expressed my belief that "the presentation of other-weapons evidence is attended by a fairly high risk of undue prejudice, and, therefore, courts should refrain from sanctioning admission absent a strong and legitimate probative purpose justifying its introduction." *Commonwealth v. Hitcho*, ___ Pa. ___, ___, ___ A.3d ___, ___, 2015 WL 5691067, at *36 (Sept. 29, 2015) (Saylor, C.J., concurring). Indeed, I believe that such prejudice is the reason underlying the general prohibition in the first instance.

to use specific-conduct evidence of a victim's propensity for violence in furtherance of self-defense claims. *See* Pa.R.E. 405(b)(2); *Commonwealth v. Mouzon*, 617 Pa. 527, 532, 53 A.3d 738, 741 (2012).[3] These principles are out of focus in the present case both since the trial court's decision was erroneous in several material respects, *see* Majority Opinion, *slip op.* at 10-12, and because its effect was to allow for the admission of specific-conduct-type evidence against the defendant (his constructive possession of a shank) while excluding such evidence relevant to the victim (Missero's assault conviction). In the circumstances, I do not find the other-weapons aspect of the appeal to present a suitable context for adding clarity to the jurisprudence.

In summary, I would reverse the order of the Superior Court, since I agree with the majority that the trial court's actual evidentiary ruling concerning the admissibility of the victim's assault conviction was predicated on an erroneous rationale. Further, to the degree that the question of harmless error resides within the appropriate scope of this appeal, I conclude that the Commonwealth has not satisfied its burden in this regard.

---

[3] Although there is a lack of parity in these principles as between the interests of criminal defendants and the Commonwealth, only the liberty (and, sometimes, the lives) of the former are at stake in criminal proceedings.

Parenthetically, the evidentiary rules do establish some degree of equilibrium when a defendant seeks to prove a character trait of an alleged victim by permitting the Commonwealth to introduce reputation evidence and engage in cross-examination relative to the same trait of the defendant. *See* Pa.R.E. 404(a)(2)(B)(ii), 405(a). The rules, however, simply do not operate in this fashion relative to evidence of specific instances of conduct. *See* Pa.R.E. 405(b).