J-S45035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VERNON J. VEREEN, | |
| Appellant | No. 1938 WDA 2015 |

Appeal from the PCRA Order November 10, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0016890-2012

BEFORE:  OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:            **FILED JUNE 08, 2016**

Appellant, Vernon J. Vereen, appeals from the order dismissing without a hearing his timely, counseled first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant alleges ineffective assistance of trial counsel.  We affirm.

Appellant's underlying conviction stems from an altercation between him and the victim, Jacky (or Jackie, a/k/a Jay) S. Holland, on October 31, 2012.  The two had a history of grievances and ill-will involving Appellant's relationship with Angela Morris.  Ms. Morris was Appellant's paramour or girlfriend, as well as the victim's former girlfriend and the mother of his daughter.  On October 30, 2012, the day before this incident, Mr. Holland

_____

[*] Retired Senior Judge assigned to the Superior Court.

had apparently been awarded full custody of their daughter, then five years of age.

The next day, October 31, Appellant and Holland encountered each other in Holland's neighborhood at a barber shop where Holland regularly stopped to play pool with friends. Appellant was getting a haircut. In an obscenity-laced remark, Appellant accused Mr. Holland of being a child molester of his own daughter.[1]

After that accusation, the accounts differ markedly. Appellant testified that when he left the barber shop Holland and several companions were waiting for him outside the door.[2] (*See* N.T. Trial 8/06/13, at 83). Mr. Holland testified that he and his companions had only gone outside to smoke.

After another verbal exchange, Holland and Appellant began fighting. Each blames the other for the first blow. Mr. Holland claims Appellant rushed him. (*See id.* at 21). He testified he swung at Appellant and missed, Appellant rushed him again and pushed him into the street, where a truck ran over his foot. (*See id.* at 22). Appellant claims Holland punched him twice in the face. (*See id.* at 84).

_____

[1] It appears undisputed that although Appellant initiated a complaint which resulted in an investigation against Mr. Holland, no charges were ever filed.

[2] Appellant's barber, Dera Cord, testified that she offered to escort him out the back door, but he declined because his car was parked out front. (*See* N.T. Trial, 8/06/13, at 100).

In any event, apparently while in a headlock, Appellant cut the victim's head and face three times with a box cutter.[3] Holland's foot was injured when the truck ran over it. Mr. Holland also got blurred vision for about six months, but recovered. Holland testified that the scars are permanent. (**See id.** at 26-28; **see also id.** at 45, 49-50). Appellant had no injuries which required medical attention. (**See id.** at 88).

At trial, Appellant claimed self-defense. (**See id.** at 85, 88). He testified that Holland had threatened to kill him previously, and had left threatening messages on his and Ms. Morris' voicemails. (**See id.** at 85-86).

After a bench trial, the court convicted Appellant of one count of aggravated assault, 18 Pa.C.S.A. §2702(a)(4) (deadly weapon utilized), and one count of simple assault. The court acquitted him of one other count of aggravated assault, 18 Pa.C.S.A. §2702(a)(1) (serious bodily injury). He was sentenced immediately after conviction to a five-year term of probation, plus restitution. He did not file post-sentence motions or a direct appeal.

Appellant filed a timely *pro se* PCRA petition on July 25, 2014. The PCRA court appointed counsel, who filed an amended petition. The court filed a notice of intent to dismiss, pursuant to Pennsylvania Rule of Criminal

---

[3] Appellant testified he had a box cutter on his key ring. (**See** N.T. Trial, at 84). Mr. Holland refers to a "barber's razor" rather than a box cutter razor. (**Id.** at 21).

Procedure 907, and dismissed the petition on November 10, 2015. This timely appeal followed.[4]

Appellant raises two questions on appeal:

    I.  Is [Appellant's] claim for relief properly cognizable under the Post[ ]Conviction Relief Act?

    II.  Did the [PCRA] court abuse its discretion in denying the petition alleging counsel's ineffectiveness without a hearing, where [Appellant] established the merits of the claim that trial counsel [was ineffective?] for failing to present evidence of the alleged victim's prior summary conviction for disorderly conduct, as well as evidence corroborating the alleged victim's prior threats towards [Appellant], and for not arguing that this evidence and evidence of the alleged victim's prior threats towards [Appellant] supported [Appellant's] self-defense claim?

(Appellant's Brief, at 5).(most capitalization omitted).

We need not address Appellant's first question. Neither the Commonwealth nor the PCRA court questions whether Appellant's claim of ineffectiveness was cognizable under the PCRA. On independent review, we conclude that there is no dispute that Appellant has presented a cognizable PCRA claim.

In his second question, Appellant alleges that trial counsel was ineffective for failure to present evidence of the victim's prior summary conviction for disorderly conduct, and evidence of prior threats by the victim

_____

[4] Counsel filed a concise statement of errors on January 4, 2016. **See** Pa.R.A.P. 1925(b). The PCRA Court filed a Rule 1925(a) statement, referencing its notice of intent to dismiss, on February 16, 2016. **See** Pa.R.A.P. 1925(a).

to him. (*See id.*). He also alleges that counsel was ineffective for not presenting evidence of the victim's prior (unrelated) arrest for simple assault, and for not arguing this un-presented evidence in his closing argument. (*See id.* at 18-23). Appellant maintains that evidence of the victim's prior threats would have supported his self-defense claim. (*See id.*). He concludes that he should be granted a new trial, or at a minimum, a PCRA hearing on the claim of ineffectiveness of trial counsel. (*See id.* at 23-24). We disagree.

Our standard and scope of review for the denial of a PCRA petition is well-settled.

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Spotz*, [ ] 84 A.3d 294, 311 ([Pa.] 2014) (citations and internal quotation marks omitted).

To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

*Id.* at 303 n.3. Furthermore,

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective

assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.

*Id.* at 311–12 (most case citations, internal quotation marks and other punctuation omitted). "Counsel's assistance is **deemed constitutionally effective** once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." ***Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008) (citations and internal quotation marks omitted) (emphasis in original).

This Court analyzes PCRA appeals "**in the light most favorable to the prevailing party at the PCRA level.**" [***Commonwealth v.***] ***Rykard***, [55 A.3d 1177 (Pa. Super 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013)] at 1183 (emphasis added); ***see also Spotz, supra*** at 311 ("The scope of review is limited to the findings of the PCRA court and the evidence of record, **viewed in the light most favorable to the prevailing party at the trial level.**") (emphasis added).

Our Supreme Court has explained:

As a general and practical matter, it is more difficult for a defendant to prevail on a claim litigated through the lens of counsel ineffectiveness, rather than as a preserved claim of trial court error. ***Commonwealth v. Gribble***, 580 Pa. 647, 863 A.2d 455, 472 (2004). This Court has addressed the difference as follows:

[A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.' ***Pierce***, 515 Pa. at 162, 527 A.2d at 977. This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The

harmless error standard, as set forth by this Court in ***Commonwealth v. Story***, 476 Pa. [391], 409, 383 A.2d [155], 164 [ (1978) ] (citations omitted), states that "[w]henever there is a 'reasonable possibility' that an error 'might have contributed to the conviction,' the error is not harmless." This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the ***Pierce*** prejudice standard, which requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings. This distinction appropriately arises from the difference between a direct attack on error occurring at trial and a collateral attack on the stewardship of counsel. In a collateral attack, we first presume that counsel is effective, and that not every error by counsel can or will result in a constitutional violation of a defendant's Sixth Amendment right to counsel. ***Pierce, supra***.

***Gribble***, 580 Pa. at 676, 863 A.2d at 472 (emphasis in original).

***Commonwealth v. Freeland***, 106 A.3d 768, 775-77 (Pa. Super. 2014).

This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007), *appeal denied,* 593 Pa. 754, 932 A.2d 74 (2007). "[A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008); Pa.R.Crim.P. 907(1). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007), *appeal denied,* 594 Pa. 685, 934 A.2d 72 (2007).

***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa. Super. 2015). "Furthermore, it is axiomatic that appellate courts must defer to the credibility determinations of the trial court as fact finder, as the trial judge observes the witnesses' demeanor first-hand." ***Commonwealth v. O'Bryon***, 820 A.2d 1287, 1290 (Pa. Super. 2003) (citation omitted).

Here, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we discern no basis on which to disturb the decision of the PCRA court. Most notably, the PCRA court judge, who also presided at Appellant's bench trial, unequivocally "found the victim's testimony to be highly credible and substantially corroborated by the testimony of another Commonwealth eyewitness, whose testimony was also very credible." (Notice of Intent to Dismiss, 10/13/15, at 2 ¶ 5) (citing N.T. Trial, at 129-30).

In contrast, the court found Appellant's trial "testimony was incredible, self-serving, and unsupported by the testimony of his own witness, who this court did not find to be credible[.]" (Notice of Intent to Dismiss, at 2 ¶ 6) (citing N.T. Trial, at 101, 108-11).

The court concluded: "In short, the Commonwealth's evidence established beyond a reasonable doubt that [Appellant] was the initial aggressor, and that he had the opportunity to safely retreat and avoid any confrontation, but failed to do so." (***Id.*** at 2 n.6) (citing N.T. Trial, at 15-23, 43, 53-59, 61, 66-67, 100-01).

We defer to the credibility determinations of the trial court which had the opportunity to observe the witnesses' demeanor first-hand. *See O'Bryon*, *supra* at 1290. We also grant great deference to the findings of the PCRA court if the record contains any support for those findings. *See Smith*, *supra* at 1052.

Accordingly, we discern no basis on which Appellant did, or could, establish actual prejudice by a preponderance of the evidence, "that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.'" *Freeland*, *supra* at 776 (quoting *Pierce*, *supra* at 977).

Moreover, Appellant's related claims do not merit relief. Appellant argues, in effect, that trial counsel should have introduced additional evidence of Mr. Holland's threats, or two unrelated previous convictions of disorderly conduct. But the PCRA court judge confirms that, having presided at the bench trial, she was already aware of Mr. Holland's threats from Appellant's testimony. (*See* Notice of Intent to Dismiss, at 2 ¶ 4). Additional evidence of previous threats from Mr. Holland, or final argument based on additional evidence, would have been merely cumulative of facts already presented to the trial court, sitting as fact-finder. Appellant fails to establish that such incremental, cumulative evidence would have changed the outcome.

Similarly, the PCRA court concluded that there is "no reasonable probability that this court's verdict would have been different had counsel introduced evidence of the victim's prior summary convictions for disorderly conduct and his arrest for simple assault[.]" (**See id.** at 1-2, ¶ 3).[5] The disorderly conduct convictions were for distinguishable, unrelated conduct, and the simple assault arrest did not result in a conviction.

In sum, Appellant failed to prove that any alleged ineffectiveness was "of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.'" **Freeland**, **supra** at 776 (quoting **Pierce**, **supra** at 977). Therefore, Appellant did not suffer any legal prejudice. Because Appellant failed to establish the prejudice prong of the ineffectiveness test, trial counsel's assistance is "**deemed constitutionally effective**[.]" **Rolan**, **supra** at 406. (citation omitted) (emphasis in original). Accordingly, Appellant failed to establish that the proposed evidence would have overcome the presumption of effectiveness.

The PCRA court properly dismissed Appellant's petition without a hearing.

Order affirmed.

_____

[5] The Commonwealth correctly notes that one of the cases cited by Appellant in support of his claim, **Commonwealth v. Beck**, 402 A.2d 1371, 1374 (Pa. 1979), was overruled by **Commonwealth v. Christine**, 125 A.3d 394 (Pa. 2015). (**See** Appellant's Brief, at 19; Commonwealth's Brief, at 16); **see also** Pennsylvania Rule of Evidence 404(b)(1), (2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/2016