**[J-77-2014] [MO:Eakin, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 8 MAP 2014
:
      Appellee : Appeal from the Order of the Superior
: Court dated August 30, 2013 at No. 1893
: EDA 2011 affirming the Judgment of
      v. : Sentence of the Court of Common Pleas
: of Northampton County, Criminal Division,
: dated November 24, 2010 at No. CP-48-
JACOB MATTHEW CHRISTINE, : CR-0003344-2009
:
      Appellant : ARGUED:  September 9, 2014

**CONCURRING OPINION**

**MADAME JUSTICE TODD**                    **DECIDED:  October 27, 2015**

I join the majority in affirming the Superior Court's holding that the trial court did not abuse its discretion in admitting into evidence the shank found in Appellant's cell for the purpose of rebutting Appellant's claim that he was unarmed and acted in self-defense.  I also agree that the trial court properly denied Appellant's motion *in limine* to question the victim regarding his conviction for simple assault which occurred after his jailhouse altercation with Appellant; I write separately, however, because my reasoning on this second issue differs from that of the majority.

As noted by the majority, Appellant was charged with, *inter alia*, aggravated assault based on a jailhouse altercation involving the victim in June 2009, during which the victim allegedly threw hot coffee onto Appellant and punched Appellant several times.  Appellant filed a pretrial motion seeking to introduce evidence that the victim was convicted of simple assault based on an incident of domestic violence between the victim and his girlfriend which occurred subsequent to the victim's release from prison,

approximately 11 months after the jailhouse altercation involving Appellant. Appellant argued that the victim's simple assault conviction was relevant to Appellant's self-defense claim because it demonstrated the victim's violent propensities and suggested the victim was the initial aggressor.

In denying Appellant's motion to introduce evidence of the victim's simple assault conviction, the trial court first noted that, pursuant to Pa.R.E. 404(b)(1), evidence of other crimes generally is inadmissible to prove the character of a person in order to show conformity therewith. Trial Court Opinion, 4/26/11, at 12. The trial court acknowledged that this Court has held that a defendant who alleges self-defense may use a deceased victim's criminal record either to corroborate his alleged knowledge of the victim's quarrelsome and violent character to show the defendant reasonably believed his life was in danger; or to prove the allegedly violent propensities of the victim to show the victim was the aggressor. See Commonwealth v. Amos, 284 A.2d 748 (Pa. 1971); Commonwealth v. Beck, 402 A.2d 1371 (Pa. 1979). However, the trial court distinguished those cases on the basis that, unlike the present altercation, they involved a deceased victim. The trial court concluded that Appellant was attempting "to use future events to retroactively establish [the victim's] character," and opined:

> the law only allows evidence of prior incidents to prove the
> character or reputation of the victim at the time of the crime
> in question. A subsequent conviction arising from events
> that transpired after the incident involving [Appellant] simply
> has no bearing on whether [the victim] possessed violent
> propensities on June 8, 2009.

Id. at 13.

On appeal, the Opinion in Support of Affirmance ("OISA") below recognized the principle expressed in Amos that a defendant alleging self-defense may use a deceased victim's criminal record to prove the alleged violent propensities of the victim to show that the victim was the aggressor, and further recognized that, to be admissible, the

victim's crimes must be "similar in nature and not too distant in time" from the underlying incident. Commonwealth v. Christine, 78 A.3d 1, 5 (Pa. Super. 2013) (OISA) (citing Commonwealth v. Mouzon, 53 A.3d 738, 741 (Pa. 2012)). However, without acknowledging, as the trial court did, that Amos was distinguishable because the victim in the instant case is not deceased, the OISA concluded the trial court in the instant case properly excluded evidence of the victim's simple assault conviction because the offense was not "similar in nature" to the jailhouse altercation during which the victim threw hot coffee onto and punched Appellant. Christine, 78 A.3d at 5 (OISA).

Although the Opinion in Support of Reversal ("OISR") below also concluded the trial court properly precluded introduction of the victim's conviction for simple assault, it did so based on its belief that the victim's simple assault conviction did not show a propensity for violence on June 8, 2009, because the conduct underlying the conviction was then a future event. Thus, the OISR would have affirmed the trial court's ruling because the victim's "subsequent conviction for an event that transpired after the prison incident should not be used 'to retroactively establish [his] character' at the time of the incident." Christine, 78 A.3d at 11-12 (OISR) (citation omitted).

The majority concludes that "the Superior Court did not err in determining the trial court acted within its discretion by excluding [the victim's] subsequent simple-assault conviction," but declines to "endorse the claim that a subsequent conviction can **never** be probative and admissible." Majority Opinion at 8 (emphasis original). The majority further opines: "Proximity in time is a factor, as is similarity of facts. Here we have 11 months between events, but a strikingly disparate factual scenario." Id. The majority proceeds to affirm the trial court based on this factual disparity.

While I agree with the majority that the Superior Court did not err in affirming the trial court's holding, I disagree with its premise. Indeed, there is no case law supporting

introduction of evidence of a victim's **subsequent** conviction to demonstrate the victim's character for purposes of proving the victim was the aggressor. Both Amos and Beck involved evidence of a deceased victim's aggressive behavior which occurred **prior** to their fatal altercations, and this Court has continued to limit introduction of evidence of a victim's convictions to those which occurred **prior** to the incident in which the victim is alleged to have been the aggressor:

> [A]s an evidentiary matter, this Court has held that when self-defense is properly at issue, evidence of the victim's **prior** convictions involving aggression may be admitted, if probative, either (1) to corroborate the defendant's alleged knowledge of the victim's violent character, to prove that the defendant was in reasonable fear of danger, or (2) as character/propensity evidence, as indirect evidence that the victim was in fact the aggressor.

Mouzon, 53 A.3d at 741 (emphasis added).

Thus, I would hold that the trial court properly precluded Appellant from introducing evidence of the victim's **subsequent** simple assault conviction to support Appellant's claim of self-defense pursuant to Rule 404(b)(1), and would not engage in an analysis of whether the facts underlying the two altercations were sufficiently similar in nature.