J-S02015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DUANE BEDFORD, | |
| Appellant | No. 3528 EDA 2014 |

Appeal from the PCRA Order November 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015137-2007

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 23, 2016**

Duane Bedford ("Appellant") appeals the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.§§ 9541–9546.  We affirm.

We summarize the facts of this case as follows:  Appellant and Sam Brown ("the victim") lived on the same block in Southwest Philadelphia.  N.T., 8/18/08, at 6, 8–9.  Appellant had performed contracting work for the victim but a financial dispute arose between them.  *Id.* at 43; N.T., 8/20/08, at 62–63; 127–129.  On May 26, 2006, the victim discovered that the windows of his car had been smashed.  N.T., 8/18/08, at 13–14.  In the early morning hours of May 28, 2006, the victim confronted Appellant about the vandalism.  *Id.* at 73–74.  During the confrontation, Appellant withdrew a gun concealed in his waistband and fired three shots at the victim.  *Id.* at

76, 125; N.T., 8/20/08, at 79, 86. One of the bullets entered the victim's jaw and pierced his brain, killing him; the other passed through his left leg. N.T., 8/19/08, at 61–65. Appellant fled and eluded police until June 30, 2007, when he was profiled on an episode of the television program, AMERICA'S MOST WANTED. *Id.* at 111. Based on tips received after the program, the police focused their investigation in York, Pennsylvania. *Id.* Appellant was arrested on July 5, 2007, when York City police officers found him hiding in a basement with a new appearance and a new name, "Craig Wallace." *Id.* at 111–112; N.T., 8/20/08, at 5–11.

Appellant was charged with first degree murder and possession of an instrument of crime ("PIC"). He proceeded to a jury trial on August 14, 2008. Following the Commonwealth's case in chief, Appellant testified that he acted in self-defense after the victim attacked him. N.T., 8/20/08, at 85–86. On August 22, 2008, the jury found Appellant guilty of both charges. N.T., 8/22/08, at 11. The trial court sentenced Appellant to life in prison without the possibility of parole on the murder charge and a concurrent sentence of two and one-half to five years on the PIC charge. Order, 10/28/08. Appellant filed a post-sentence motion, which the trial court denied. Post-Sentence Motion, 11/4/08; Order, 12/05/08. Appellant filed a notice of appeal to this Court. Notice of Appeal, 12/31/08.

On appeal, a panel of this Court reversed Appellant's judgment of sentence and remanded for a new trial, having determined that the trial

court committed an evidentiary error. **Commonwealth v. Bedford**, 142 EDA 2009 (Pa. Super. filed August 11, 2011) (unpublished memorandum). The Commonwealth successfully applied for *en banc* reconsideration of the panel's decision. Order, 10/20/11. The Superior Court *en banc* affirmed Appellant's judgment of sentence, and the Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Bedford**, 50 A.3d 707 (Pa. Super. 2012), *appeal denied*, 57 A.3d 65 (Pa. 2012).

Appellant filed a PCRA petition on November 25, 2013, alleging ineffective assistance of counsel. The PCRA court denied the petition without a hearing on November 14, 2014. This appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our consideration:

I.     Whether the PCRA court erred when it found trial counsel effective even though a panel of this Court found that trial counsel was not?

II.    Whether the PCRA court erred when it found trial counsel was effective when it was eviden[t] that he failed to conduct a reasonable pretrial investigation which would have revealed the decedent's criminal record, which would have tipped the scales in favor of Appellant's claim of self-defense, and a reasonable probability of a different outcome?

III.   Whether the PCRA court erred with it found no due process violation when the state failed to inform the defense about the victim's prior violent criminal history and compounded the violation by eliciting testimony from a police officer intended to leave the jury with the false impression that [the victim] was a peaceful, meek person when the prosecution knew otherwise?

- 3 -

IV.     Whether the PCRA court erred when if found trial counsel effective despite his failure to request certain essential jury instructions in a case of self-defense?

V.      Whether the PCRA court erred when it failed to consider the claims of ineffective assistance in the aggregate?

VI.     Whether the PCRA court erred when it failed to hold an evidentiary hearing on the claims of ineffective assistance of counsel?

Appellant's Brief at 2 (full capitalization omitted; renumbered).[1]

Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. **_Commonwealth v. Perez_**, 103 A.3d 344, 347 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **_Commonwealth v. Lippert_**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

To obtain collateral relief, a PCRA petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). Instantly, Appellant asserted in his PCRA petition ineffective assistance of

---

[1]  The Commonwealth states, "In his PCRA petition, [Appellant] asserted other claims of ineffective assistance of counsel.  He does not mention them in his appellate brief, and therefore has abandoned them.  _See Commonwealth v. Bennett_, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (issues raised in PCRA petition and not presented on appeal are deemed abandoned)."  Commonwealth's Brief at 16 n.7.  We agree.

counsel ("IAC") pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). PCRA Petition, 11/25/13, at ¶ 6.

The law presumes that counsel was effective. ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015). Hence, it is the petitioner's burden to prove the contrary. ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012). To plead and prove an IAC claim, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). Moreover, the PCRA court's credibility determinations, when supported by the record, are binding on this Court. ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011).

Appellant first complains that the PCRA court erred in finding trial counsel effective regarding the Commonwealth's proffer of character evidence, whereas a panel of this Court found that trial counsel was ineffective. Appellant's Brief at 10. Appellant explains that, in rebuttal to his self-defense testimony, the Commonwealth presented testimony from Police Sergeant Sean Butts regarding the victim's "peaceable nature." ***Id.*** Appellant continues:

Defense counsel objected to this testimony solely on the grounds of relevance. The trial court overruled the objection and permitted Sgt. Butts to testify. . . Appellant timely appealed and a three-judge panel of the PA Superior Court vacated and remanded for a new trial on the ground that the trial court erred when it allowed Sgt. Butts to give "character evidence not in the form of reputation testimony." The Panel further concluded the error was not harmless, primarily because [Appellant] raised self-defense, making [the victim's] reputation for peacefulness a critical issue. . . The State sought *en banc* reconsideration, which the Superior Court granted. The Superior Court reversed because it claimed the trial attorney objected on the grounds of relevancy [sic] and "waived" objection on the grounds of the improper admission of character evidence.

*Id.* at 10–11. Appellant contends that trial counsel was ineffective for failing to object to Sergeant Butts' testimony as improper character evidence:

There was a reasonable probability that if the appropriate objection had been made that the outcome of the trial and/or the appeal would have been different. Clearly, the outcome would have been different on appeal because the original Panel found that the admission of the character testimony was not harmless error, and it granted a new trial.

Appellant's Brief at 14.

In response, the Commonwealth submits that the Superior Court panel decision is not controlling, having been withdrawn in light of this Court's grant of *en banc* reconsideration. Commonwealth's Brief at 9. Additionally, the Commonwealth argues that Appellant has not demonstrated prejudice; therefore, the PCRA court did not err in finding trial counsel effective. *Id.*

Applying the three-prong test for an ineffectiveness claim, the PCRA court disposed of Appellant's first issue, in relevant part, as follows:

Appellant asserts that trial counsel committed a non-harmless error by allowing the admission of improper character

- 6 -

evidence of Sergeant Butts, a longtime friend of [the victim].[1] *See* 1925(b) Statement at p. 5. Specifically, Appellant asserts that trial counsel was ineffective for objecting to Sergeant Butts' testimony on [the victim's] peaceful nature solely on relevance grounds. *Id.* at 3. Appellant states that this relevance objection waived any objection on improper character evidence grounds. *Id.* This claim is without merit.

> [1] Sergeant Butts testified that he did not know [the victim] to be violent in nature because [the victim] was [a] "soft spoken, meek person, and very subdued . . . ." (N.T. 8-21-08 at p. 9). Sgt. Butts further testified that he did not know [the victim] to "engage in any physical altercations" or to carry a weapon. (N.T. 8-21-08 at p. 9).

\* \* \*

Appellant failed to show prejudice. With respect to the prejudice prong, the appellant must show that there was a "**reasonable probability** that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* [*v. Washington*, 466 U.S. 668, 694 (1984)]; *see also Commonwealth v. Wright*, 961 A.2d 119, 148 (Pa. 2008) (prejudice requires that there was a reasonable probability that the outcome of the proceeding would have been different).

Additionally, the test for prejudice is "more exacting than the test for harmless error." *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014). "The harmless error standard. . .states that whenever there is **a reasonable possibility** that an error might have contributed to a conviction, the error is not harmless. *Id.* The harmless error standard places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt. *Id.* This is a lesser standard than the prejudice standard, which requires the appellant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings. *Id.*

\* \* \*

It should first be noted that after granting the Commonwealth's request for reargument, the only controlling opinion is the Superior Court's *en banc* opinion. In that opinion, the Superior Court found that an objection to the form of the evidence had been waived after the relevance objection. *Commonwealth v. Bedford*, 50 A.3d 707, 715 (Pa. Super. 2012) (en banc). However, the Superior Court did not find that the representation was ineffective, as trial counsel's ineffectiveness was not on appeal. *See id.* Furthermore, notwithstanding the Superior Court's subsequent opinion, the harmlessness of the error alone is of no consequence. As stated above, the test for ineffective assistance of counsel is higher than the harmless error standard. *Spotz*, 84 A.3d at 315.

To prove that there was a reasonably probability that the outcome would have been different, Appellant erroneously relies on the Superior Court's withdrawn August 11, 2011 memorandum opinion. That opinion reversed the conviction because of the introduction of Sergeant Butts' character evidence.[2] [Pa.R.A.P. 1925(b) Statement] at p. 4. (quoting *Commonwealth v. Bedford*, 142 EDA 2009 (Pa. Super. 2011) (Memorandum, withdrawn October 19, 2011)). Appellant first relies on the fact that the Superior Court's August 11, 2011 memorandum opinion found trial counsel's objection to be "non-harmless." *Id.* at 4–6. Appellant then relies on the fact that this finding was not vacated in the subsequent opinion. *Id.* at 5. Appellant confounds the harmless and prejudice standards. Because the harmless error standard is less stringent than . . . the prejudice standard, even if the Superior Court had not withdrawn its first opinion, a finding of non-harmlessness alone is not enough to show prejudice. *See Spotz*, 84 A.3d at 315. Appellant only relies on the finding of non-harmlessness by the Superior Court to support a showing of prejudice. As a result the threshold for prejudice was not met. Because one prong of the ineffective assistance of counsel claim failed, the whole claim fails. Therefore, because the August 11, 2011 opinion is non-controlling and because no other evidence was offered to support a finding of prejudice, this claim is without merit.

[2] Appellant quotes the Superior Court's August 11, 2011 opinion which stated, "given. . .reasonable inference that the victim was angry because of damage to his car, his reputation for peacefulness was a relevant consideration for the jury. Under

> these circumstances, we cannot find, beyond a reasonable doubt, that Sergeant [Butts'] inadmissible testimony could not have contributed to the verdict of the jury." *Commonwealth v. Bedford*, 142 EDA 2009 (Pa. Super. 2011) (Memorandum, withdrawn October 19, 2011).

PCRA Court Opinion, 5/29/15, at 4–7 (emphasis supplied).

Upon review, we find support in the record for the PCRA court's factual determinations, and we discern no error in its legal conclusion. Appellant relies on the analysis set forth in a withdrawn memorandum. Without more, Appellant has failed to establish prejudice. Appellant is not entitled to relief.

Next, Appellant challenges the PCRA court's finding that trial counsel was effective with regard to investigating and using the victim's criminal record to rebut Sergeant Butts' character evidence. Appellant's Brief at 21; Appellant's Reply Brief at 2. Appellant asserts that the victim's simple assault and reckless endangerment convictions would have bolstered Appellant's "claim of self-defense because the prior convictions involved violence by [the victim]." *Id.* at 22 (citing **Commonwealth v. Amos**, 284 A.2d 748 (Pa. 1971)).

The Commonwealth retorts that, even though the victim had simple-assault convictions from 1988 and 1997,[2] Appellant "again failed to meet his

_____

[2] According to the Commonwealth, the victim's criminal record does not show a conviction for reckless endangerment. Commonwealth's Brief at 12 n.4.

burden of proving ineffectiveness." Commonwealth's Brief at 12. The PCRA

court agreed:

> This [c]ourt finds that there has been no prejudice suffered by Appellant. Despite the fact that Appellant asserts the lack of impeachment rises to the level of changing the outcome of this case, when viewing all evidence in the totality, there was a multitude of evidence rebutting Appellant's self-defense claim presented at trial. Specifically, this included physical evidence that made the "self-defense version" of events unlikely[3] (N.T. 8/20/08 at p. 85–86) (Appellant's version indicated that there was a fight where he thought the victim was beating him with a gun and he had to fire at close range); 8/14/08 at p. 68 (no gun was found on the victim); 8/19/08 at p. 60–68 (no evidence of close range gun fire; no evidence of bruising or cuts to the victim's hands, or evidence of a fist fight)). Therefore, because Appellant has failed to show how the additional impeachment evidence would have changed the outcome of the case, this claim is without merit.
>
> > [3] The victim had no swellings or abrasions on his hands that would have indicated a fight prior to death and he also showed no defensive wounds.

PCRA Court Opinion, 5/29/15, at 8.

Our review reveals support in the record for the PCRA court's factual

determinations, and we discern no error in its legal conclusion. In light of

the physical evidence contradicting Appellant's self-defense theory, Appellant

has failed to demonstrate how rebutting Sergeant Butts' testimony with the

victim's criminal record would have changed the outcome of this case. No

relief is due.

Appellant also raises Sergeant Butts' testimony and the victim's

criminal record in the context of prosecutorial misconduct that amounted to

a denial of due process. According to Appellant:

The prosecution elicited improper testimony when it asked Sergeant Butts to testify as to his personal opinion as to the victim's character.

The prosecution failed to disclose the victim's prior record of convictions and left the jury with an uncorrected, false impression that the victim was a peaceful, meek person when the prosecution knew otherwise.

The prosecutorial misconduct must be considered in the aggregate. The prosecution violated [Appellant's] 14th Amendment right to due process and his right to due process under the Pennsylvania Constitution.

Appellant's Brief at 29.

The PCRA court found[3] and the Commonwealth argues that Appellant's prosecutorial-misconduct challenges were waived. PCRA Court Opinion, 5/29/15, at 15; Commonwealth's Brief at 18. We agree and add that this claim of prosecutorial misconduct is not cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2).

To be eligible for post-conviction relief, a petitioner must plead and prove that his claim has not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Appellant

_____

[3] The PCRA court opined that several other instances of alleged prosecutorial misconduct raised in Appellant's PRCA memorandum of law have been previously litigated. PCRA Court Opinion, 5/29/15, at 14. Appellant has not raised those claims in his brief to this Court.

- 11 -

could have raised the alleged instances of prosecutorial misconduct at trial. He did not; therefore, they are waived. **Accord Commonwealth v. Bardo**, 105 A.3d 678, 714 (Pa. 2014) (holding claims of prosecutorial misconduct and trial court error waived "as they could have been raised at trial or on direct appeal and were not").

We turn to Appellant's complaint that the PCRA court erred in finding trial counsel effective despite counsel's failure to request certain essential jury instructions in a case of self-defense. Appellant's Brief at 23; Appellant's Reply Brief at 9. Relying on **Commonwealth v. Rivera**, 983 A.2d 1211, 1221 (Pa. 2009), Appellant specifically cites counsel's failure to request "an instruction that the Commonwealth could not disprove self[-]defense solely on the jury's disbelief of the defendant's testimony." Appellant's Brief at 24. Appellant further states, "There was a reasonable probability of a different outcome had trial counsel requested these instructions. There was no competing version of events. There was no evidence refuting Appellant's version of events." **Id.**

"[W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply [to] isolated portions, to determine if the instructions were improper." **Commonwealth v. Charleston**, 94 A.3d 1012, 1021 (Pa. Super. 2014) (citation omitted). "The trial court is free to use its own expressions as long as the concepts at issue are clearly and accurately presented to the jury." **Commonwealth v.**

*Ballard*, 80 A.3d 380, 407 (Pa. 2013) (citation omitted). The instructions must adequately, accurately, and clearly present the law to the jury and must be sufficient to guide the jury in its deliberations. *Commonwealth v. Jones*, 672 A.2d 1353, 1358 (Pa. Super. 1996).

A fact-finder is not required to believe the testimony of a defendant who raises the claim of self-defense. *Commonwealth v. Smith*, 97 A.3d 782, 786 (Pa. Super. 2014). Appellant is correct, however, that disbelief of a defendant's testimony alone will not afford enough affirmative proof to disprove the claim. *See Commonwealth v. Torres*, 766 A.2d 342 (Pa. 2001) (holding there was insufficient evidence to disprove defendant's self-defense claim where Commonwealth's case did not provide evidence of who the initial aggressor was, or motive for defendant to be initial aggressor).

Nevertheless, as the Commonwealth points out: "The quote [Appellant] takes from [*Rivera*] was in the context of evaluating the sufficiency of the evidence, not jury instructions." Commonwealth's Brief at 16 n.6 (citing *Rivera*, 983 A.2d at 1218 n.7 ("Appellant does not challenge the propriety of the jury charges in this appeal.")). Thus, Appellant's reliance on *Rivera* is misplaced.

Here, the PCRA court concluded that the jury instructions "clearly conveyed who bore the burden of proof." PCRA Court Opinion, 5/29/15, at 13 (citing *Commonwealth v. Soto*, 693 A.2d 226, 230 (Pa. Super. 1997) ("When reviewing a trial court's jury instructions, this Court must consider

- 13 -

the instructions as a whole in order to determine whether the charge accurately and clearly conveyed the applicable law to the panel.")).  Upon review, we agree with the PCRA court that the entire charge adequately, accurately, and clearly presented the law to the jury and was sufficient to guide the jury in its deliberations.  *Jones*, 672 A.2d at 1358.

The trial court instructed the jury regarding the Commonwealth's burden of proof in general and self-defense in particular.  N.T., 8/21/08, at 86, 106.  After instructing the jury on the various elements of justification, *i.e.*, use of force, reasonable belief, intent to cause harm, provocation, retreat, *id.* at 106–111, the trial court concluded:  "If the Commonwealth proves one of these elements beyond a reasonable doubt, the actions of the defendant in using deadly force are not justifiable.  If the Commonwealth fails to prove these elements, the defendant's action was justified and you must find him not guilty of the crime."  *Id.* at 111.  Thus, the trial court provided adequate jury instructions regarding the Commonwealth's burden to disprove self-defense.

If trial counsel had requested the additional instruction Appellant claims he should have, the outcome of the case would not have been different in light of the sufficient physical evidence disproving Appellant's claim that he shot the victim at close range on the porch in self-defense:  no gun on or near the victim, N.T., 8/14/08 at 67–68; no stippling or powder burns on the victim, N.T., 8/19/08 at 63, 66; no bruising, swelling, or cuts

on the victim's hands, *id.* at 68; no defensive wounds on the victim, *id.* at 68–69; no blood on the porch or railing, Commonwealth Exhibits C-2, C-6, C-7. **Accord Commonwealth v. Brown**, 648 A.2d 1177, 1182 (Pa. 1994) ("There was more than sufficient evidence to prove every element of the offense and to disprove the self-defense claim beyond a reasonable doubt."). Under these circumstances, we conclude that Appellant's underlying claim lacks merit. Accordingly, we decline to hold that trial counsel was ineffective for failing to assert a meritless claim. **Commonwealth v. Roney**, 79 A.3d 595, 604 (Pa. 2013). The PCRA Court properly rejected Appellant's contrary contention.

Appellant's fifth issue suggests the PCRA court erred in not finding that counsel's ineffectiveness resulted in cumulative prejudice. Appellant's Brief at 24; Appellant's Reply Brief at 12. The PCRA court declined "to find a cumulative effect based on the fact that none of Appellant's individual claims warrant[ed] relief." PCRA Court Opinion, 5/29/15, at 8–9.[4]

When post-conviction claims are rejected for lack of merit or arguable merit, no basis exists for an accumulation claim. **Commonwealth v.**

---

[4] Although the PCRA court states that it rejected Appellant's individual claims as lacking arguable merit, PCRA Court Opinion, 5/29/15, at 8, a closer reading of its opinion reveals that it rejected Appellant's ineffectiveness claims regarding improper character evidence and impeachment on prejudice grounds. PCRA Court Opinion, 5/29/15, at 5, 8. The PCRA court rejected Appellant's ineffectiveness claim regarding the jury instruction on its merit. *Id.* at 13.

***Koehler***, 36 A.3d 121, 161 (Pa. 2012). However, "[w]hen the failure of individual claims is grounded in lack of prejudice . . ., the cumulative prejudice from those individual claims may properly be assessed." ***Id.***

In the instant case, we have rejected Appellant's claims of ineffectiveness regarding counsel's failure to investigate and use the victim's criminal record and counsel's failure to object to improper character evidence. We have concluded that these claims, individually, did not prejudice Appellant. Upon review of the certified record, we hold that these claims, when considered in the aggregate, did not prejudice Appellant. ***Accord Commonwealth v. Busanet***, 54 A.3d 35, 75 (Pa. 2012) (holding claims that did not prejudice the appellant individually, did not prejudice him when considered in the aggregate).

Finally, Appellant contends that the PCRA court erred by dismissing his petition without a hearing. Appellant's Brief at 25. The PCRA court disagreed. PCRA Court Opinion, 5/29/15, at 15. So do we.

> To obtain reversal of a PCRA court's summary dismissal of a petition, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief. The controlling factor in this regard is the status of the substantive assertions in the petition. Thus, as to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required. For each such claim, we review the PCRA court's action for an abuse of discretion[.]

***Commonwealth v. Baumhammers***, 92 A.3d 708, 726–727 (Pa. 2014) (internal citations omitted).

- 16 -

Appellant has not alleged any genuine issues of material fact regarding counsel's representation that, if resolved in his favor, would entitle him to relief. Additionally, Appellant's prosecutorial-misconduct claims are not reviewable. Accordingly, we ascertain no abuse of discretion in the PCRA court's dismissal of Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2016