**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFONZO ANTONIO WILSON | : | |
| | : | |
| Appellant | : | No. 1007 EDA 2017 |

Appeal from the Judgment of Sentence February 16, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005018-2016

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 26, 2018**

Appellant, Alfonzo Antonio Wilson, appeals from the February 16, 2017 Judgment of Sentence entered in the Montgomery County Court of Common Pleas following his conviction of Propelling a Missile into an Occupied Vehicle, Recklessly Endangering Another Person, Criminal Mischief, and Disorderly Conduct.[1]  After careful review, we affirm.

We briefly summarize the facts as gleaned from the Notes of Testimony and the trial court's November 20, 2017 Opinion as follows.  On May 5, 2016, at approximately 11:20 PM, the Plymouth Township Police Department dispatched Officer Andrew Monaghan to 1200 Ridge Pike in Conshohocken, Montgomery County, in response to a 911 call reporting a disturbance.  Upon his arrival, Officer Monaghan observed Appellant walking westbound on Ridge

---

[1] 18 Pa.C.S. § 2707(a); 18 Pa.C.S. § 2705; 18 Pa.C.S. § 3304(a)(5); and 18 Pa.C.S. 5503(a)(4), respectively.

Pike, with Damita Wilson ("Victim") following a short distance behind him in a car.

Officer Monaghan approached Appellant and the Victim. The Victim appeared disheveled, with ripped clothing and red marks and fingernail depressions around her neck. She also appeared to be in shock.

Officer Monaghan observed a large hole in the vehicle's rear passenger-side window, shattered glass strewn throughout the interior, and a rock resting in the vehicle's front passenger-side seat.

Shortly after Officer Monaghan's arrival, Appellant began aggressively yelling at him, resulting in Officer Monaghan restraining Appellant. Appellant did not appear disheveled or injured. Appellant explained to Officer Monaghan that he and the Victim had met in a parking lot that night to discuss issues concerning the custody of their child. Appellant and the Victim sat in the Victim's car for the discussion. He further explained that their discussion escalated to an argument, whereupon the Victim drove with Appellant in her car for a few blocks before asking Appellant to exit the vehicle. Appellant claimed that the Victim then attempted to strike him with her car and he threw a rock through the car's rear window in self-defense.

The Victim presented a different version of the incident. She confirmed to Officer Monaghan that she and Appellant had met to discuss custody matters, but she indicated that their disagreement had escalated to a physical altercation. She reported that Appellant had choked her and ripped her shirt before exiting her vehicle of his own accord. The Victim then called 911 to

report the incident. While she was on the phone with the dispatcher, Appellant threw a rock into the Victim's car. The rock smashed her rear passenger-side window, hit the dashboard, and came to rest on the front passenger seat. The Victim proceeded to follow Appellant for several blocks with her car to ensure police apprehended him.

Appellant proceeded to a non-jury trial on February 16, 2017. The Commonwealth presented the testimony of the Victim and Officer Monaghan. The court also admitted into evidence surveillance video showing the Victim driving her vehicle away from Appellant, and not toward Appellant in an attempt to hit him as he claimed. The surveillance video also captured images of Appellant foregoing several opportunities to evade the Victim. In fact, it showed Appellant arming himself with a rock, running out after the Victim's car, and proceeding to smash its rear passenger-side window by throwing the rock at it.

Appellant testified on his own behalf, maintaining that he acted in self-defense. He did not present any additional witnesses. Appellant and the Victim offered largely inconsistent testimony. The Commonwealth stipulated to Appellant's reputation for being truthful, law-abiding, and peaceful. The trial court was unpersuaded, however, by Appellant's self-defense claim and convicted Appellant of the above charges.[2] That same day, the court sentenced Appellant to time-served.

_____

[2] The court found Appellant not guilty of Simple Assault. **See** 18 Pa.C.S. § 2701(a)(1).

Appellant filed a Post-Sentence Motion, which the trial court denied by Order docketed on March 3, 2017. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant has raised the following two issues on appeal:

1. Did the trial court abuse its discretion in determining that Appellant's conviction was not contrary to the weight of the evidence, where it was manifestly unreasonable for the trial court to base Appellant's conviction upon the contradictory, self-serving, biased testimony of an unstable, dangerous witness?

2. Did the trial court erroneously exclude evidence that the complainant stalked, threatened, harassed, and attacked Appellant on dates after the incident in question, where evidence of specific instances of the complainant's conduct was admissible to prove her propensity for violence and aggressiveness and to prove that she was the aggressor during the instant confrontation?

Appellant's Brief at 5.

In his first issue, Appellant challenges the trial court's denial of his weight of the evidence claim. In particular, Appellant complains that the court erred in crediting the Victim's testimony over his. Specifically, Appellant claims that the court erred by, on the one hand, acknowledging that he credibly testified about years of threats and harassment he suffered at the hand of the Victim while, on the other hand, disbelieving his testimony that he was acting in self-defense on the night of this incident. *Id.* at 18-19. Appellant cites the trial court's explanation for not imposing upon him a probationary sentence to support his claim that the trial court should not have

credited the Victim's testimony.[3] *Id.* at 19. He further avers that, where the Victim's testimony at trial was inconsistent with her statement to Officer Monaghan immediately following the incident, the court should have relied on Officer Monaghan's testimony regarding the Victim's statements immediately following the incident and disregarding the Victim's in-court testimony.[4] *Id.* at 19-22.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert*, *supra* at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the

---

[3] In explaining its imposition of a "no further penalty" sentence, the trial court observed: "I don't trust the dynamics of [the Victim] to give her the power over you and supervision to just risking – calling the police . . . caus[ing] you to be incarcerated." N.T., 2/16/17, at 7.

[4] Appellant's counsel elicited testimony from the Victim on cross-examination in which she admitted that her trial testimony differed from the statement she initially made to Officer Monaghan. N.T., 2/16/17, at 43. Likewise, Officer Monaghan testified that surveillance video did not corroborate the statement the Victim made to him at the scene. *Id.* at 63.

post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. *See id.* at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." *Id.* at 546. "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.*

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in

concluding whether the verdict was against the weight of the evidence. ***Commonwealth v. Widmer***, 744 A.2d 745, 751 n.3 (Pa. 2000).

In her Rule 1925(a) Opinion, The Honorable Gail A. Weilheimer acknowledged the tumultuousness of Appellant's relationship with Victim and that Appellant "credibly testified as to numerous violent past transgressions of Victim against him and his family." Trial Ct. Op., 11/20/17, at 7. Nevertheless, it found that the Commonwealth met its burden of disproving Appellant's claim that he was acting in self-defense at the time of the instant incident. ***Id.*** at 7-8. Our review indicates that the trial court carefully evaluated the record and the evidence in reviewing Appellant's weight claim. ***See id.*** at 9-11 (observing that Officer Monaghan's testimony and the Commonwealth's video evidence corroborated the majority of the Victim's version of events, and concluding that, when viewed *in toto*, the evidence weighed heavily in favor of the Commonwealth).

Appellant essentially asks us to reassess the credibility of Officer Monaghan, Appellant, and the Victim, and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the court's conscience. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

In his second issue, Appellant claims that the trial court erred in excluding evidence that the Victim acted violently towards him after the

incident that gave rise to the instant charges. Appellant's Brief at 23. Appellant argues that he sought to introduce this evidence "to prove the [Victim's] allegedly violent propensities," not to bolster his self-defense claim *per se*. **Id.**, citing **Commonwealth v. Amos**, 284 A.2d 748, 751 (Pa. 1971).[5] He emphasizes that he did not seek the introduction of this evidence to "explain why he felt fear, earlier, on the date in question" but rather simply as "additional objective evidence that [the Victim] was a violent person." **Id.** at 24-25.

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Tyson**, 119 A.3d 353, 357 (Pa. Super. 2015) (citation and quotation omitted). "[A]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence or the record." **Commonwealth v. Cameron**, 780 A.2d 688, 692 (Pa. Super. 2001) (citation and quotation omitted).

Relevance is the threshold for admissibility of evidence. **Commonwealth v. Cook**, 952 A.2d 594, 612 (Pa. 2008). "In a criminal case, [] evidence is admissible only if the probative value of the evidence outweighs

---

[5] **Amos** concerns, *inter alia*, the introduction of evidence of a murder victim's prior convictions in support of the defendant's self-defense claim. It does not address the introduction of evidence of a victim's post-incident conduct as evidence of the victim's propensity for violent behavior.

its potential for unfair prejudice." Pa.R.E. 404(b)(2). **See also** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 404.11 *et. seq*. (2017 ed. LexisNexis Matthew Bender). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Pa.R.E. 401; **Commonwealth v. Serge**, 896 A.2d 1170, 1177 (Pa. 2006). "Evidence that is not relevant is not admissible". Pa.R.E. 402.

Appellant's argument is unavailing. The Victim's post-incident conduct was not relevant to the crimes for which Appellant stood trial. Because it was not relevant, it was inadmissible. We conclude, therefore, that the trial court did not abuse its discretion in excluding Appellant's proffered testimony of the Victim's post-incident conduct.

Further, Appellant has not supported his claim that such evidence shows the victim's propensity for violence with citation to any authority. Accordingly, even if this claim had merit, Appellant would have waived it. **See Commonwealth v. Perez**, 93 A.3d 829, 838 (Pa. 2014) (reiterating that, to the extent that an appellant's brief fails to contain citation to supporting authorities, his unsupported claims are waived)

Finding no merit to either of Appellant's issues, we affirm his Judgment of Sentence. The parties are instructed to attach a copy of the trial court's November 20, 2017 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/18